IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY E. NOLES,
      Petitioner,

vs.                                 Case No.:  3:13cv130/MCR/EMT

MICHAEL D. CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition for lack of jurisdiction as impermissibly successive (doc. 13).  Petitioner filed a response in opposition to the motion (*see* doc. 15).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the petition should be dismissed as an unauthorized second or successive petition.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

      Petitioner challenges a judgment of conviction and sentence entered on March 6, 1991, in the Circuit Court in and for Escambia County, Florida (doc. 1 at 1).[1]  He was convicted of one count of first degree premeditated murder and sentenced to life imprisonment with a 25-year mandatory minimum (*id.*).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Petitioner challenged the judgment in a § 2254 petition filed in May of 1995, Case No. 3:95cv30231/RV, raising twelve (12) claims of ineffective assistance of trial counsel (*see* doc. 1 at 4; doc. 13, Ex. A). *See* Noles v. Singletary, No. 3:95cv30231/RV, Petition (N.D. Fla. May 17, 1995). The magistrate judge recommended that the petition be denied and the habeas action be dismissed (doc. 13, Ex. A). *See id.*, Report and Recommendation (N.D. Fla. Jan. 15, 1998). The district court adopted the magistrate judge's Report and Recommendation and dismissed the petition on February 20, 1998 (*id.*). *Id.*, Order (N.D. Fla. Feb. 20, 1998).

Petitioner subsequently filed an application for leave to file a second or successive § 2254 petition in the Eleventh Circuit Court of Appeals (*see* doc. 13, Ex. B). He sought to raise one ground of actual innocence and eight (8) claims of ineffective assistance of trial counsel (*see id.*). The Eleventh Circuit denied the application on the following grounds: (1) Petitioner conceded he raised his actual innocence claim in his first § 2254 petition; (2) Petitioner conceded he raised all but one of his ineffective assistance of counsel claims in his first § 2254 petition; and (3) the facts supporting his remaining claim of ineffective assistance of trial counsel were available to him at the time of trial and before he filed his first § 2254 petition (*id.*).

In the instant § 2254 petition, filed March 20, 2013, Petitioner challenges the same state court judgment, asserting six (6) claims of ineffective assistance of trial counsel (doc. 1 at 1–17). He propounds three arguments as to why the petition does not qualify as second or successive. First, his 1995 petition was dismissed for failure to exhaust state court remedies; therefore, the instant petition is not second or successive, according to Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Second, he is entitled to review of his ineffective assistance of trial counsel claims, pursuant to Martinez v. Ryan, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (doc. 1 at 4). Third, he did not discover "new evidence" supporting his claims until September of 2007, well after he filed his first § 2254 petition.

II.   ANALYSIS

Title 28 U.S.C. § 2244(b) provides in pertinent part as follows:

**(b) (1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244(b) (emphasis added).

The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 1995. Furthermore, Petitioner's 1995 petition qualified as a first petition for purposes of determining successor status. Petitioner argues his 1995 petition did not qualify as a first petition, because it was dismissed for failure to exhaust state court remedies. In <u>Slack</u>, the Supreme Court determined that a habeas petition filed after the district court dismissed a "mixed" petition pursuant to <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), for failure to exhaust state remedies as to some of the claims, and before the district court adjudicated any claims raised in the petition, is to be treated as any other first petition, and is not a "second or successive petition." 529 U.S. at 485–86, 488.

Here, Petitioner has not demonstrated that his 1995 petition was dismissed as a "mixed" petition without an adjudication of any of the claims asserted therein. Petitioner quotes from the magistrate judge's Report and Recommendation as follows:

> Petitioner raises twelve grounds upon which he claims his attorney at trial was ineffective. Eight of the twelve are raised in this court for the first time. It is too late for petitioner to raise these eight by filing a new 3.850 motion, so they are procedurally barred.

(doc. 1 at 4).  Further, Petitioner admits the court applied the procedural default doctrine in disposing of the claims in his 1995 petition; and he admits the court did not dismiss the petition without prejudice under Rose, even though he argued in his objections to the Report and Recommendation that his petition should be dismissed as such (doc. 15 at 2–3).  Moreover, the Eleventh Circuit did not deny Petitioner's application for leave to file a second or successive § 2254 on the ground that § 2244(b)(3)(A) did not apply, because Petitioner's 1995 petition did not qualify as a first petition; rather, the court denied his application because he failed to satisfy the requirements of § 2244(b)(1), (2).  Therefore, Petitioner has failed to demonstrate his 1995 petition did not qualify as a first petition for purposes of determining successor status.

Additionally, Petitioner is not entitled to review of his claims under Martinez.  In Martinez, the Supreme Court addressed whether ineffective assistance of counsel in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding.  The Martinez Court, modifying the Court's prior holding in Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default, recognized a narrow exception for ineffective assistance of counsel at initial-review collateral proceedings, deciding that ineffective assistance of counsel during the initial-collateral review stage may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.  Id. at 1315.  The Court held "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Id. at 1320.

Petitioner suggests that the equitable principles which guided the Martinez decision provide petitioners with a chance to obtain review of ineffective assistance of trial counsel claims regardless of the restrictions in § 2244(b), because otherwise the claims would never be reviewed (doc. 1 at 4; doc. 15).  Although Martinez may provide a habeas petitioner with cause to excuse a procedurally defaulted ineffective assistance of trial counsel claim in a first federal habeas petition, nothing in the decision suggests that the AEDPA's requirement that a petitioner obtain permission from the court

of appeals prior to filing a second or successive petition in the district court is to be ignored on equitable grounds.  *See* <u>In re Davis</u>, 565 F.3d 810, 825 (11th Cir. 2009) (per curiam) (rejecting "equitable" exception to statutory requirements for second or successive petitions based on petitioner's alleged innocence, and stating "[n]either Congress nor the courts ever have hinted that an additional equitable exception to § 2244(b)'s ban on second or successive federal habeas petitions exists.").

Petitioner's third argument should be rejected, because his claims were ripe at the time he filed his first petition.  Although the fact that a petition is filed second in time does not necessarily mean that it is successive, AEDPA's purposes "to further the principles of comity, finality, and federalism" must be considered when evaluating whether a successive petition is subject to dismissal.  <u>Panetti v. Quarterman</u>, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (quotation omitted).  The Supreme Court has made an exception to the AEDPA's bar on successive claims when it would require unripe claims to be raised as a mere formality.  In <u>Panetti</u>, the Supreme Court recognized that a claim of incompetency under <u>Ford v. Wainwright</u>, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986),[2] was not successive because the claim was not ripe until the petitioner's execution was scheduled.  The Supreme Court explained, "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources, "reduc[e] piecemeal litigation," or "streamlin[e] federal habeas proceedings."  <u>Panetti</u>, 551 U.S. at 946 (quoting <u>Burton v. Stewart</u>, 549 U.S. 147, 154, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (internal quotation marks omitted)); *see also* <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's <u>Ford</u> claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); <u>Stewart v. United States</u>, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his <u>Johnson [ v. United States</u>, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) ] claim did not exist before his

---

[2] In <u>Ford v. Wainwright</u>, 477 U.S. 399, 409–10, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), the Supreme Court held for the first time that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane," and it outlined procedural safeguards to enforce that constitutional prohibition.

proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."). The Eleventh Circuit has been careful to limit the Supreme Court's holding in Panetti. *See* Tompkins v. Sec.'y Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam). In Tompkins, the Eleventh Circuit noted that claims regarding constitutional violations occurring at trial or sentencing are ripe for inclusion in a first habeas petition, and nothing in Panetti changed that. *Id.* at 1260.

Here, the ineffective assistance of trial counsel claims Petitioner raises, one of which concerns counsel's' failure to object to an alleged Giglio violation, occurred during his trial, and were ripe for disposition in a first federal habeas petition. *See* Tompkins, 557 F.3d at 1260 ("Unlike a Ford claim, the Gardner [v. Florida, 430 U.S. 349, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977)], Brady [v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)], and Giglio [v. United States, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972)] claims Tompkins wants to raise are claims that can be and routinely are raised in initial habeas petitions."). Further, although Petitioner alleges he did not discover the "new evidence" supporting his claims until September of 2007, when he was able to pay for and receive documents from the state attorney's office pursuant to his public record request (doc. 1-1 at 1–33),[3] his financial inability to obtain the documents sooner does not render his ineffective assistance of counsel claims unripe for review when he filed his first § 2254 petition in 1995. The alleged unavailability of the documents is an argument to be made to the Eleventh Circuit in an application for permission to file a second or successive petition.

Finally, to the extent Petitioner alleges he is entitled to review of his claims through the "actual innocence" or miscarriage of justice exception, he must first pass through the § 2244(b)(3)(A) gateway before the district court may consider his claim. The Supreme Court has recognized that "a prisoner 'otherwise subject to defenses of abusive or successive use of the writ [of habeas corpus] may have his federal constitutional claim considered on the merits if he makes

---

[3] The documents include police reports and investigative notes, requests for crime laboratory technical services to test evidence collected by law enforcement, results of crime laboratory testing of the evidence, transcripts of witness interviews, and transcripts of deposition testimony of witnesses (doc. 1-1 at 1–33).

a proper showing of actual innocence.'" Herrera v. Collins, 506 U.S. 390, 404, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) (quoting Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L. Ed. 2d 269 (1992)); Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986) (plurality opinion) (applying the miscarriage of justice exception to overcome the bar to "successive" petitions asserting previously rejected claims); McCleskey v. Zant, 499 U.S. 467, 494–95, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (applying the miscarriage of justice exception to overcome the bar to "abusive" petitions asserting in a second petition claims that could have been raised in a first petition). However, with the passage of the AEDPA in 1996, the district court is not authorized to consider such claims unless the appropriate court of appeals authorizes the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit prior to filing the instant § 2254 petition. Petitioner's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. 147 (holding that federal district court lacked jurisdiction to entertain prisoner's second habeas petition, because prisoner failed to obtain an order from the appropriate court of appeals authorizing him to file a second or successive petition); Fugate v. Dep't of Corrections, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). Therefore, the petition should be dismissed for lack of jurisdiction.

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (doc. 13) be **GRANTED**.

2.    That this habeas action be **DISMISSED without prejudice for lack of jurisdiction**.

3.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 16<u>th</u> day of October 2013.


_/s/ Elizabeth M. Timothy_____
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

   **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  _See_ 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**